Marvin GREEN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57138.

Supreme Court of Missouri,
En Banc.

April 11, 1973.

Rehearing Denied May 14, 1973.

Sloan Richard Wilson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Neil MacFarlane, Asst. Attys. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court, made after an evidentiary hearing, overruling his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M. R.

This appeal was originally heard in Division Two but was subsequently transferred to Court en Banc without any decision by that division.

In April 1969, defendant entered a plea of guilty to a charge of assault with intent

to kill with malice aforethought and was sentenced to imprisonment in the custody of the Missouri Department of Corrections for a term of seven years. Immediately thereafter he was released by the court on probation for a period of two years, to be under the supervision of the State Board of Probation and Parole.

On August 18, 1970, upon recommendation of defendant's parole supervisor, the trial court entered an order revoking the parole and directing execution of sentence. A short time thereafter a motion was filed for reconsideration of the parole revocation. Upon receipt of the motion the judge wrote defendant's attorney advising that he had examined the reports and thought the revocation should stand. Nevertheless, the motion was set for hearing for October 23, 1970. However, the sheriff apparently was not advised of the setting and defendant was taken to the penitentiary prior to the time for the hearing. When the motion was called there was some discussion between the court and defendant's attorney which culminated in the following statement by the court: "The record, I believe, should show that the Court has already studied this matter and given the matter full consideration, and it is the conclusion of the Court that the revocation of the parole will not be interfered with, and that the revocation of the parole will stand."

The 27.26 motion thereafter filed alleged three grounds for vacating the judgment, i. e., (1) ineffective assistance of counsel, (2) failure of the court to comply with Rule 25.04, and (3) denial of due process of law because (a) the order of revocation was entered by a judge other than the sentencing judge, and (b) defendant was not afforded a hearing either before the revocation or on the motion for reconsideration.

█ The first two grounds of the motion are proper subjects of inquiry in a 27.-26 proceeding and the action of the court in denying relief on those grounds furnished the basis for Points I and II of defendant's brief. Subsequent to filing his brief, however, defendant filed a paper in this court withdrawing those points from our consideration. This leaves Point III of his brief which relates solely to contentions concerning the validity of the revocation of his parole. In his brief, however, defendant has expanded the subject matter alleged in the motion by adding a contention that the statute providing for revocation of parole without notice and hearing (now § 549.101 RSMo 1969, V.A.M.S.) is unconstitutional. The recent case of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), is cited.

█ As indicated, the only matters now before us relate to the legality of the revocation of defendant's parole. Those are not matters which come within the scope of a proceeding under Rule 27.26. That rule provides a remedy for a prisoner who desires to attack the sentence. Here, defendant does not attack the sentence but desires to have his parole or probation under that sentence reinstated. The relief sought cannot be granted in a 27.26 proceeding. Habeas corpus would appear to be the proper remedy. Jones v. State, 471 S.W.2d 166 (Mo.1971).

█ We have considered the question as to whether we should, in our discretion, treat the files in this case as an original application for a writ of habeas corpus and have concluded that we should not do so. Section 549.101 contains the provision that "the court may in its discretion with or without hearing, order the probation or parole revoked." Morrissey, supra, holds that due process requires notice and hearing before a revocation could properly be made by a State Board of Parole. In view of the decision in Morrissey, we think it would be desirable for this court to decide the question concerning the constitutionality of § 549.101 at an early date. As stated, that issue was not raised in defendant's motion. We think this important question should be presented to us in an appropriate manner. As indicated, we

**358**

have concluded that this is not a case which calls for us to exercise the extreme discretionary power of adopting the informal procedure under consideration.

The judgment is affirmed.

FINCH, C. J., and DONNELLY, MORGAN, BARDGETT and HENLEY, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

SEILER, Judge (dissenting).

I would treat defendant's motion as an application for habeas corpus, set it for reargument, and request counsel to brief and argue the constitutionality of Sec. 549.101, RSMo 1969, V.A.M.S. We will have to face this issue sooner or later and I believe it is better for all concerned to do so now, rather than postponing it. I therefore respectfully dissent.