Teddy BAUGH, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 54854.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 1, 1988.

Thomas R. Motley, Public Defender, Hannibal, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm.

Movant pleaded guilty to receiving stolen property in violation of § 570.080, RSMo 1986. The trial court sentenced him to

three years imprisonment, suspended execution of the sentence and placed movant on probation. Movant's probation was revoked after a hearing, and his Rule 24.035 motion followed. The motion court concluded movant was entitled to no relief and denied his request for an evidentiary hearing.

In his sole point on appeal, movant claims he was entitled to "an evidentiary hearing ... on the issue of whether the [court which revoked movant's probation] in fact failed to consider less drastic alternatives to imprisonment before revoking [movant's] probation."

Movant's point is a challenge to the legality of the probation revocation, and as such is not cognizable in a Rule 24.035 proceeding. *Cf. Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973), *Smith v. State*, 741 S.W.2d 727, 729 (Mo.App.1987). The proper remedy is habeas corpus. *Id.*

The adoption of Rule 24.035 in place of Rule 27.26 does not change the result. The holding in *Green* was based on the following language from the preamble to Rule 27.26:

> A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:
>
> . . . .

Because the movant in *Green* was attacking his probation revocation and not his

sentence, the court concluded relief was unavailable under Rule 27.26. The preamble to Rule 27.26 was adopted with only minor variations as section (a) in Rule 24.035.[1] Like Rule 27.26, Rule 24.035 allows challenges only to the validity of judgments of conviction or sentences. Because movant attacks neither his conviction nor his sentence, the reasoning of *Green* and *Smith* still applies, and thus the motion court did not clearly err in dismissing movant's motion without an evidentiary hearing.

We have considered whether we should view movant's motion as an application for writ of habeas corpus and have concluded that we should not. *See Green*, 494 S.W.2d at 357–58; *State v. Madison*, 519 S.W.2d 369, 370 (Mo.App.1975).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Rule 24.035(a) provides:

    A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable.