Thomas J. SOLOMON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 17522.

Missouri Court of Appeals, Southern District, Division One.

Jan. 7, 1992.

---

1. Rule references are to Missouri Rules of Court (1991).

Emmett D. Queener, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Thomas J. Solomon (movant) appeals the denial of his Rule 24.035 motion. This court affirms.

Movant pleaded guilty to the class D felony of passing a bad check. Section 570.120, RSMo 1986. The date of the offense was August 19, 1986. He pleaded guilty on August 18, 1987. He received a suspended imposition of sentence and was placed on probation for two years. Movant's conditions of probation included a special condition that he pay restitution in the amount of $9,925.90, representing the face amount of the check that was the basis for the criminal charge. Movant had posted a cash bond in the amount of $1,000 in his criminal case. It was to be applied to his restitution. If he could show that he had made prior payments, the amount of restitution was to be reduced by the amount of those payments. Movant was also to re-ceive credit for the sales price of cattle that he had left with the person to whom he had given the bad check. The cattle had been sold in accordance with movant's prior authorization.

Two probation violation reports were filed. The first, dated February 18, 1988, alleged that movant violated his probation in that he failed to report to his probation officer. The second, dated March 18, 1988, alleged that he failed to make restitution. Both recommended revocation. Following a probation violation hearing, movant's probation was revoked. He was sentenced to imprisonment for a term of two years.

Movant filed a pro se Rule 24.035 motion. A public defender was appointed to represent him. An amended Rule 24.035 motion was filed. Following an evidentiary hearing, the motion court entered written findings of fact and conclusions of law and denied movant's amended motion.

Movant presents one point on appeal. He contends that the motion court erred in that it failed "to enter specific findings of fact and conclusions of law sufficient to support the denial of the allegations presented by [movant's] motion for post-conviction relief."

Movant asserted ineffective assistance of counsel as the basis for his post-conviction motion. His amended Rule 24.035 motion incorporated "as though fully set forth ... each and every allegation contained in [the pro se] motion." The pro se motion complained only about the representation movant received at his probation violation hearing. The amended motion added a claim alleging that both the employed counsel who represented movant when he pleaded guilty in 1987 and the appointed counsel who represented movant at his probation revocation hearing in 1990 failed to effectively represent movant. Movant's complaints were: (1) he was allowed "to plead guilty and be placed on a supervised probation without there being a written agreement" stating the amount of restitution, how much was to be paid and when payments were to be made; (2) the court was not made aware at the probation revocation hearing that "no exact amount of debt was

determined to be due and owing," and no set schedule of restitution was established; and (3) there was a failure "to investigate fully" facts relating to the giving of the bad check in 1986 and "to determine a true amount due and owing to the victim."

▆ Movant's complaints must be considered within the constraints of applicable precedents. With respect to movant's complaints regarding the public defender who represented him at the probation revocation hearing, "a challenge to the legality of the probation revocation ... is not cognizable in a Rule 24.035 proceeding." *Baugh v. State,* 759 S.W.2d 882, 883 (Mo.App.1988), *citing Green v. State,* 494 S.W.2d 356, 357 (Mo. banc 1973), and *Smith v. State,* 741 S.W.2d 727, 729 (Mo.App.1987). The court, in *Baugh,* at l.c. 883, pointed out that the adoption of Rule 24.035 in place of former Rule 27.26 (repealed) did not change the result that was reached in *Green* regarding efforts to attack a probation revocation by means of a post-conviction motion.

> Because the movant in *Green* was attacking his probation revocation and not his sentence, the court concluded relief was unavailable under Rule 27.26.... Like Rule 27.26, Rule 24.035 allows challenges only to the validity of judgments of conviction or sentences.

And, with respect to movant's complaints regarding the attorney who represented him when he pleaded guilty:

> Upon a plea of guilty, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea.

*Short v. State,* 771 S.W.2d 859, 864 (Mo. App.1989), *citing Porter v. State,* 678 S.W.2d 2, 3 (Mo.App.1984), and *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987). Further, with respect to movant's claim of inadequate investigation by counsel, the motion fails to state—and, at evidentiary hearing, no evidence was adduced—what additional investigation was warranted and in what manner further investigation would have benefitted movant. The allegations of inadequate investigation are, therefore, purely conclusory. *See Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App.1977).

As such, they fail to assert any basis that would support a finding that movant's plea of guilty was involuntary.

▆ The motion court's findings of fact and conclusions of law included determinations that "[m]ovant's claims [were] refuted by the record taken at the time of plea" and that "there was no ineffective assistance of counsel, therefore, [m]ovant's plea was free, voluntary and understanding." Those findings and conclusions provide a sufficient basis for the motion court's denial of movant's post-conviction motion. Although the point that movant presents on appeal requires no further discussion in order for this court to dispose of the appeal, a gratuitous review of the transcript of the guilty plea hearing that is part of the legal file reveals that the findings of fact are not clearly erroneous. Further opinion would have no precedential value. The order denying movant's Rule 24.035 motion is affirmed in compliance with Rule 84.16(b).

PREWITT, P.J., and CROW, J., concur.