**Harry W. JACKSON, Movant–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

**No. 18499.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 20, 1993.

Lew A. Kollias, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Chief Judge.

This is an appeal from the denial, without evidentiary hearing, of a motion for post-conviction relief filed pursuant to Rule 24.-035. This court affirms.

Harry W. Jackson (movant) was charged in his underlying criminal case with the sale of cocaine, a controlled substance. § 195.-211.2, RSMo Supp.1989. He pleaded guilty and was sentenced in accordance with a negotiated plea agreement to confinement in the custody of the Department of Corrections for a term of ten years. Execution of sentence was suspended and movant was granted probation. That probation was later revoked. Movant filed a pro se Rule 24.035 motion. Counsel was appointed to represent him and an amended Rule 24.035 motion filed.

The motion court's findings of fact and conclusions of law included:

1. The record totally contradicts Movant's claims.

2. The Movant's plea of guilty was made voluntarily and intelligently, with a full understanding of the charges and the consequences of the plea, and with a full understanding of his rights under the Constitution and the effect of a plea of guilty on those rights.

.    .    .    .    .

4. That the record indicates that Movant was aware and had knowledge of the informant's death at the time of his plea.

5. That movant at the 29.07 hearing was totally satisfied with the assistance of his counsel.

6. That based on the total record the Court finds that Movant was not denied effective assistance of counsel.

7. That Movant received effective assistance of counsel and accepted a reasonable plea bargain.

.    .    .    .    .

In *Edmonds v. State*, 819 S.W.2d 90 (Mo. App.1991), this court explained the applicable scope of review in a Rule 24.035 appeal.

This court's review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j).... Further, since movant pleaded guilty to the underlying criminal charge[ ], "[a]ny claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo. App.1990).

*Id.* at 91.

Movant presents one point on appeal. He contends the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because the allegations in his motion were not refuted by the record from his guilty plea hearing. Movant asserts that his plea of guilty was entered "in a less than knowing manner" because it was based upon advice of trial counsel who had not fully investigated "the strength of the state's case"

nor evaluated the admissibility of hearsay evidence by a deceased police informant.

Movant's motion did not state what additional investigation was warranted by trial counsel, nor in what manner further investigation would have assisted movant. This court discussed similar allegations in *Solomon v. State*, 821 S.W.2d 133 (Mo.App.1992). It stated:

> The allegations of inadequate investigation are, therefore, purely conclusory. *See Haliburton v. State*, 546 S.W.2d 771, 773 (Mo. App.1977). As such, they fail to assert any basis that would support a finding that movant's plea of guilty was involuntary.

*Id.* at 135.

Further, as the motion court found, movant knew that an informant died who would have been a witness against movant had he gone to trial. Nevertheless, throughout his guilty plea hearing, movant acknowledged that it was his decision to plead guilty; that by pleading guilty he was waiving his right to a trial; that he was completely satisfied with the representation he had received from his trial counsel.

Movant told the trial judge at the guilty plea hearing that his trial attorney had done the things he wanted the attorney to do; that there was nothing he wanted his trial attorney to do that the attorney had not done. After a lengthy colloquy between the trial judge and movant at the sentencing hearing, the following questions were asked by the trial judge and answers given by movant:

Q. Mr. Jackson, did you hear the State's recommendation? In other words, the Prosecutor is recommending that I suspend a ten year sentence and place you on five years probation; do you understand that?

A. Yes, sir.

Q. When you came before me today and told me that you wanted to plead guilty to this charge was that your understanding of what the Prosecutor would recommend?

A. Yes, sir.

Q. Are you asking me to follow, to follow his recommendation?

A. Please do, sir.

Q. Do you understand that although I'm not bound to follow the State's recommendation in a plea-agreement case, I will tell you here today that I'm going to follow the State's recommendations in yours. So, you now know what your punishment is going to be if you wish to proceed with your guilty plea. Or you can plead not guilty and have a trial. What do you wanna do?

A. I'd like to take what he offered me.

Q. You wish to proceed with your guilty plea?

A. Yes, sir.

Movant pleaded guilty April 11, 1991. A probation revocation hearing was held March 3, 1992, at which movant again acknowledged satisfaction with the representation he received at the guilty plea proceeding as well as the probation revocation proceeding.

The findings and conclusions of the motion court are supported by the record of movant's guilty plea hearing. They are not clearly erroneous. The order dismissing movant's Rule 24.035 motion is affirmed.

SHRUM and MONTGOMERY, JJ., concur.