**Michael R. PREWITT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65320.**

Missouri Court of Appeals,
Western District.

May 23, 2006.

Amy M. Bartholow, Columbia, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before HOWARD, P.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Michael Prewitt appeals from the judgment denying his Rule 24.035 motion, in which he asserted he was wrongfully de-

nied probation. Because Mr. Prewitt's motion failed to state a cognizable claim attacking his conviction or sentence, we affirm the motion court's denial of post-conviction relief.

On May 21, 2002, Mr. Prewitt pled guilty to four counts of criminal non-support, Section 568.040, RSMO 2000. He was subsequently sentenced to five-year prison terms on each count,[1] but the sentencing court suspended execution of the sentence and placed him on probation for five years. After violating the conditions of probation, Mr. Prewitt's probation was revoked and his prison sentence was executed on March 3, 2003. The sentencing court retained jurisdiction under the 120-day callback provision of Section 559.115, RSMO 2000.

On June 5, 2003, the Board of Probation and Parole issued a report recommending that Mr. Prewitt be released on probation pursuant to Section 559.115.2, RSMO 2000.[2] The sentencing court entered an order denying probation on June 20, 2003. One week later, an amendment to Section 559.115 became effective, under which the sentencing court would have been required to grant probation (upon receiving a positive recommendation) or grant a hearing to consider the propriety of probation.[3]

On September 3, 2003, Mr. Prewitt filed a timely motion to vacate or correct his sentence under Rule 24.035. An amended motion alleged that Mr. Prewitt was denied due process when the sentencing court failed to apply the amended provision of Section 559.115, RSMo Cum.Supp. 2004, and grant him probation. Following an evidentiary hearing, the motion court denied post-conviction relief.

■ In his sole point on appeal, Mr. Prewitt contends the motion court erred in refusing to vacate or correct his sentence after the sentencing court failed to grant probation under the amended provision of Section 559.115, RSMo Cum.Supp.2004. Our review of this claim is limited to a determination of whether the motion court's findings are "clearly erroneous." Rule 24.035(k). Findings and conclusions are clearly erroneous when a review of the record leaves this court with the definite and firm impression that a mistake has been made. *Pope v. State*, 87 S.W.3d 425, 427 (Mo.App.2002).

The State argues that we need not address the specific issue on appeal because Mr. Prewitt's motion failed to state a cognizable claim under Rule 24.035. We agree.

---

1. The court ordered the five-year prison terms to be served as followed: Counts I and II consecutively, and Counts III and IV concurrent to Count II, for a total of ten years.

2. Section 559.115.2 provides:

   A circuit court only upon its own motion . . . shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the defendant and such defendant's behavior during the period of incarceration.

3. As amended, Section 559.115.3 provides:

   Upon successful completion of a shock incarceration program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty day's prior to release. The court shall follow the recommendation of the department unless the court determines that probation is not appropriate. If the court determines that probation is not appropriate, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days of the offender's sentence.

■ Rule 24.035 provides in relevant part:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

This rule only allows "challenges to the validity of judgments or sentences, and then only on specified grounds." *Teter v. State*, 893 S.W.2d 405, 405 (Mo.App.1995).

Mr. Prewitt does not seek to challenge the validity of his conviction, or to challenge the jurisdiction of the sentencing court to impose the five-year prison sentence on each charge of criminal nonsupport. Instead, his Rule 24.035 motion asserts only that the sentencing court misapplied the law in denying him probation after he began serving his sentence.

■ In general, Missouri courts have held that probation determinations are not subject to challenge in a Rule 24.035 motion or on direct appeal. *Green v. State*, 494 S.W.2d 356, 357 (Mo.banc 1973) (applying predecessor Rule 27.26); *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). An attack on a probation ruling does not constitute a challenge to a sentence and is, therefore, beyond the scope of a Rule 24.035 proceeding. *Green*, 494 S.W.2d at 357; *see also Rutledge v. State*, 753 S.W.2d 31, 33 (Mo.App.1988)(challenge to parole determination is not an attack on the original sentence).

■ There are exceptions to this general rule when the movant claims the sentencing court lacked jurisdiction to revoke probation because the probationary period had ended. In such cases, the sentencing court would also lack subsequent jurisdiction to execute a sentence following the improper probation revocation and, thus, the jurisdictional claim is cognizable under Rule 24.035. *Stelljes v. State*, 72 S.W.3d 196, 199 (Mo.App.2002). Mr. Prewitt's post-conviction claim involves neither a probation revocation nor any related assertion that the sentencing court lacked jurisdiction to execute his sentence. Based on his sole contention that the court misapplied the law in denying probation, Mr. Prewitt's motion failed to state a claim under Rule 24.035. The procedural means for contesting his probation denial is through an appropriate writ. *See State v. Burnett*, 72 S.W.3d 212, 214 (Mo.App. 2002).

The motion court did not err in concluding that Mr. Prewitt was not entitled to relief under Rule 24.035. The judgment is affirmed.

All concur.