

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100806 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| ANDRE MCAFEE, | ) | Honorable Bryan L. Hettenbach |
| | ) | |
| Appellant. | ) | Filed: April 28, 2015 |

## *Introduction*

Andre McAfee (Movant) appeals the denial of his Rule 29.07(d) motion to withdraw his guilty plea. Movant claims the motion court erred in denying his motion prior to the imposition of sentence because he did not understand the nature of the offense charged. We affirm.

## *Factual and Procedural Background*

In January 2006, Movant killed Charles Barnes (Victim) by cutting his wrists and repeatedly striking him with an iron skillet. The State charged Movant with first-degree murder and armed criminal action. In September 2012, a trial on these charges ended in a hung jury, and the trial court declared a mistrial. At his trial, Movant admitted that he hit Victim twice with an iron skillet and those injuries resulted in Victim's death.

Following the mistrial, the State agreed to reduce the murder charge from first-degree murder to second-degree murder in exchange for Movant's guilty plea. Pursuant to the parties'

agreement, the State amended the charges to second-degree murder and armed criminal action, and Movant pleaded guilty.

At the plea hearing, Movant affirmed that he had agreed to plead guilty to second-degree murder so that his sentence would be "soft life as opposed to life without parole . . . ." Movant testified that he had a college education and plea counsel had explained the charges against him. The prosecutor announced that, if the case went to trial, the State would prove that Movant:

> Knowingly caused the death of [Victim] by striking and cutting him, and on that same date, same location, the Defendant committed the felony of murder i[n] the second degree by, with and through the knowing use, assistance and aid of a deadly weapon. Back in 2006 [Victim] was found deceased in his apartment. He had been beaten with an iron skillet. . . . [B]ack a couple years and I'm going to guess 2011 the DNA came back as a match on the handle of the skilled to [Movant]. . . . We did try this case and [Movant] did testify. He testified he did strike the victim twice and as a result of [Victim]'s injuries he did die on that date in 2006.

Movant affirmed that the prosecutor's statement was "basically correct" and that he understood the State's recommendation that he receive concurrent life sentences. Movant also testified that he was satisfied with plea counsel's representation and he understood the constitutional rights he would forfeit by entering a guilty plea. After finding that Movant pleaded guilty "voluntarily and intelligently with a full understanding of the charges and the consequences of the guilty pleas," the court accepted Movant's plea.

Prior to the sentencing hearing, Movant filed a motion to withdraw his guilty plea pursuant to Rule 29.07(d). Neither the docket sheet nor the legal file reflects entry of a ruling on Movant's Rule 29.07(d) motion. However, the transcript of the sentencing hearing reveals that the trial court considered and ruled on Movant's Rule 29.07(d) motion, stating:

> . . . I have read over the Q and A from the guilty plea and I don't see any holes in it, I really don't. I don't think anything was coercive. I think the defendant was acting freely, voluntarily, knowingly. He's already told me he went to high school in Chicago and then graduated from mortuary science school up

2

there. And as I recall, [Movant] is well-spoken and articulate. And in this case, as in every case, it's risk management. Someone is charged with a horrific crime like murder in the first degree, negotiations occur. And as it was discussed in the guilty plea, a dialog[ue], if he's convicted in the first degree, it's life without parole. You die in prison. But as someone who is twenty-eight, if he gets so-called soft life with murder second, which is what was the agreed-upon sentence here, there is a distinct possibility of parole.

. . . .

I've reflected on this at length and I just don't see that there is a basis to set aside the guilty plea. I don't think it's a manifest injustice, I don't think it required by law, and therefore the motion is reviewed, considered, and overruled at this time . . . .

The trial court then announced Movant's sentence of concurrent life sentences for second-degree murder and armed criminal action. Movant appeals the trial court's denial of his Rule 29.07 motion.[1]

## *Standard of Review*

A defendant is not entitled to withdraw a guilty plea as a matter of right. State v. Taylor, 929 S.W.2d 209, 215 (Mo. banc 1996). "Such relief should be granted by a motion court only upon a showing that the relief of withdrawal of the plea is necessary to correct manifest injustice." State v. Pendleton, 910 S.W.2d 268, 270 (Mo.App.W.D. 1995). This court reviews the denial of a presentencing motion to withdraw a guilty plea "to determine if the court's ruling is an abuse of discretion." Taylor, 929 S.W.2d at 215. "The defendant must prove by a preponderance of the evidence that the trial court erred." Sharp v. State, 908 S.W.2d 752, 755 (Mo.App.E.D. 1995).

## *Discussion*

In his sole point on appeal, Movant claims the trial court clearly erred in denying his Rule 29.07(d) motion to withdraw his guilty plea because he "pleaded guilty out of the

---

[1] Movant also filed a timely Rule 24.035 motion for post-conviction relief, which is pending in the motion court.

misapprehension he had committed second-degree murder." More specifically, Movant asserts that he "pleaded guilty unintelligently because he did not realize that the crime he had committed was not first- or second-degree murder, but voluntary manslaughter." The State counters that this court has no jurisdiction to review the denial of Movant's Rule 29.07(d) motion. In the alternative, the State contends that: (1) Movant failed to preserve his claim for judicial review; and (2) the trial court properly denied Movant's Rule 29.07(d) motion because the record does not support his claim that he committed the lesser offense of voluntary manslaughter.

Rule 29.07(d) provides: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Rule 29.07(d). "The test for relief under this rule is whether the defendant's plea was intelligently and voluntarily made." State v. Hicks, 221 S.W.3d 497, 501 (Mo.App.W.D. 2007). A movant "will be allowed to withdraw his guilty plea only in extraordinary circumstances where he has been misled or induced to plead guilty by fraud, mistake, misapprehension, coercion, fear, persuasion, or the holding out of false hopes." Id. (internal quotation omitted).

As an initial matter, we must determine whether we have jurisdiction to review the denial of Movant's motion to withdraw his guilty plea. State v. Callies, 389 S.W.3d 249, 252 (Mo.App.E.D. 2012). "A denial of a Rule 29.07(d) motion is not, by itself, an appealable order." Stevens v. State, 208 S.W.3d 893, 894 (Mo. banc 2006) (citing State v. Larson, 79 S.W.3d 891, 893 (Mo. banc 2002)). Appellate jurisdiction requires a final judgment, and, in a criminal case, the judgment becomes final when a sentence is entered. Id. "Unless a defendant is sentenced,

4

there is no final judgment to support an appeal of a denial of a Rule 29.07(d) motion." Id. at 894-95 (citing State v. Fensom, 69 S.W.3d 550, 551 (Mo.App.W.D. 2002)).

In this case, a final judgment supports Movant's appeal because he appealed the denial of his Rule 29.07(d) motion after the trial court entered his sentence. As a result, his "appeal of the denial of the Rule 29.07(d) motion was not an appeal from the *order* denying the motion because there is no appellate jurisdiction to hear an appeal from the *order*." Stevens, 208 S.W.3d at 895 (emphasis in original). Rather, Movant appeals from the judgment of the conviction, a matter over which this court has appellate jurisdiction. See, e.g., McCoy v. State, WD 76625, 2015 WL 1246556, *4 (March 17, 2015) (denial of a post-sentencing motion to withdraw guilty plea was appealable); State v. Onate, 398 S.W.3d 102, 106 (Mo.App.W.D. 2013) (recognizing "authority for the proposition that a direct appeal following a guilty plea . . . lies where the claim of error involves the overruling of a motion to withdraw a guilty plea, so long as the defendant has been sentenced before appeal."); State v. Ison, 270 S.W.3d 444, 445 (Mo.App.W.D. 2008) (a Rule 29.07(d) motion is a civil collateral attack on a criminal conviction).

Having held that we have jurisdiction to review the trial court's denial of Movant's Rule 29.07(d) motion, we next consider whether Movant preserved his claim for appellate review. In his Rule 29.07(d) motion, Movant requested the motion court set aside his guilty plea because: (1) plea counsel had inadequate time to prepare for trial; (2) plea counsel failed to file a "Motion for Exculpatory Evidence"; (3) Movant "was compelled to testify at his first trial, against his will, due to the admission of inadmissible evidence and trial counsel's failure to provide effective assistance"; and (4) there was "insufficient evidence to convict [Movant] of First Degree Murder." Movant has not raised these alleged errors in his appeal but rather claims that the trial court was required to set aside his guilty plea because he misunderstood the charge to

which he pleaded guilty. Movant did not raise this claim before the motion court. "Claims that are not presented to the motion court cannot be raised for the first time on appeal." Mallow v. State, 439 S.W.3d 764, 769 (Mo. banc 2014).

Movant requests plain error review "[i]f this Court decides this issue was not properly preserved . . . ."[2] Movant cites no authority for the proposition that plain error review applies to rulings on Rule 29.07(d) motions, and no Missouri court has directly addressed this issue.[3]

Assuming that plain error review is available, Movant failed to satisfy his burden of establishing plain error here. "Plain error relief will only be granted if manifest injustice or miscarriage of justice resulted from the error." State v. Sauerbry, 447 S.W.3d 780, 790 (Mo.App.W.D. 2014). Review for plain error is a two-step process. State v. Ford, 454 S.W.3d 407, 413 (Mo.App.E.D. 2015). First, we determine whether there facially appear substantial grounds for believing that the trial court committed error that is evident, obvious, and clear. Id. If we find such an error, we determine whether it resulted in manifest injustice or a miscarriage of justice. Id.

---

[2] Movant requests plain error review under Rule 30.20, which governs plain error review of criminal cases. A Rule 29.07(d) motion to revoke a guilty plea is a civil proceeding. Larson, 79 S.W.3d at 893. Rule 84.13(c) governs plain error review of civil cases. See State v. Sexton, 75 S.W.3d 304, 307 n.4 (Mo.App.S.D. 2002). Rules 30.20 and 84.13(c) "are substantially similar such that cases construing one may be equally applicable to plain error review under the other." Declue v. Dir. of Rev., 361 S.W.3d 465, 467 n.4 (Mo.App.E.D. 2012) (quotation omitted).

[3] The Supreme Court has held, in the context of Rule 24.035, that "there is no plain error review in an appeal from a post-conviction judgment for a claim that was not presented in the post-conviction motion." Mallow, 439 S.W.3d at 769-70 (citing Hoskins v. State, 329 S.W.3d 695, 696-97 (Mo. banc 2010)). Although there are similarities between Rules 24.035 and 29.07(d), Rule 24.035 contains explicit language mandating waiver of all claims for relief known to the movant that are not listed in the motion. Such language is lacking in Rule 29.07(d). Given the absence of such language, we assume that plain error review is available under Rule 84.13(c), if warranted. We also note that Rule 29.07(d), in essence, incorporates plain error review when it provides that "*to correct manifest injustice* the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." (emphasis added).

The record does not facially establish grounds for believing that an evident, obvious, and clear error occurred. At the time of the plea negotiations, Movant had undergone a trial on a charge of first-degree murder. In defending that charge and negotiating for the reduced charge of second-degree murder, Movant almost certainly gained an understanding of the elements of each offense. Additionally, Movant testified at the plea hearing that he understood the charges and that the facts recited by the prosecutor were "basically correct." "When the facts are recited, as they were, this is sufficient to show understanding of the nature of the charge . . . ." Shaw v. State, 766 S.W.2d 676, 680 (Mo.App.E.D. 1989). Further, Movant's alleged confusion about the elements of second-degree murder does not constitute "extraordinary circumstances" justifying withdrawal of a guilty plea under Rule 29.07(d). Finally, Movant does not allege and the record reveals no manifest injustice or miscarriage of justice. Based on the above, we cannot find that the trial court committed evident, obvious, and clear error when it rejected Movant's claim that he did not understand the charge of second-degree murder and denied his Rule 29.07(d) motion. Point denied.

### Conclusion

The judgment of the motion court is affirmed.

_____
Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.

7