Angela T. Quigless, J.
Randy Hill Trams ("Movant") appeals from a judgment denying his Rule 24.035[1] motion for post-conviction relief. Movant argues he was entitled to post-conviction relief because the sentencing court was without authority to revoke his probation and execute his previously-imposed sentence where the only evidence of a probation violation was Movant's admission that he was arrested and charged with two new criminal charges in Illinois. Movant further argues the motion court erred in concluding his claim was not cognizable in post-conviction proceedings. We affirm the judgment.
Factual and Procedural Background
Following a guilty plea, Movant was convicted of one count of forgery, in violation of Section 570.090.[2] Pursuant to a plea agreement, the court sentenced Movant to five years in the Department of Corrections, suspended execution of the sentence, placed Movant on five years of probation, and ordered Movant to serve forty days of shock incarceration. One of the conditions of Movant's probation was that he not commit any new violations of the law.
While Movant was on probation, Movant's probation officer filed a probation violation report, alleging Movant violated his probation by committing two new felonies in Sangamon County, Illinois: intimidation and cyberstalking. Based on this probation violation report, the State filed a motion for probation revocation and the court scheduled a probation violation hearing. Movant, while represented by counsel, waived his right to a hearing and admitted he violated the conditions of his probation by committing new laws violations. After Movant's confession, the sentencing court revoked Movant's probation and executed the previously-imposed five-year sentence. Movant subsequently pleaded guilty in the Illinois case to attempted intimidation and the cyberstalking charge was dismissed.
Movant timely filed his pro se motion for post-conviction relief, pursuant to Rule 24.035. Post-conviction counsel was appointed, and an amended motion and request for an evidentiary hearing was timely filed. Movant's sole claim was that the sentencing court lacked authority to revoke *482 his probation and execute his previously-imposed sentence based solely on his admission that he was arrested and charged with two new felony violations of the law because a mere arrest is not a violation of probation. Movant stipulated to submit his case on the records[3] in lieu of an evidentiary hearing. The motion court filed its Findings of Fact, Conclusions of Law and Judgment, denying post-conviction relief because Movant's claim was not cognizable in post-conviction proceedings. This appeal follows.
Point on Appeal
In his sole point on appeal, Movant argues the motion court erred in denying his Rule 24.035 motion for post-conviction relief because the sentencing court had no authority to revoke his probation and order his five-year sentence executed based on his admission of a mere arrest for a violation of two Illinois statutes, one of which was later found to be unconstitutional.
Standard of Review
Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); Webb v. State , 334 S.W.3d 126, 128 (Mo. banc 2011). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with the definite and firm impression that a mistake has been made. Brooks v. State , 242 S.W.3d 705, 708 (Mo. banc 2008).
Discussion
We need not address the merits of Movant's claim for post-conviction relief because we agree with the motion court that Movant's claim is not cognizable under Rule 24.035. Rule 24.035(a) provides:
A person convicted of a felony on a plea of guilty claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.
Rule 24.035(a) (emphasis added).
"[A] challenge to the legality of the probation revocation ... is not cognizable in a Rule 24.035 proceeding. The proper remedy is habeas corpus." Baugh v. State , 759 S.W.2d 882, 883 (Mo. App. E.D. 1988) ; see also Bott v. State , 353 S.W.3d 404, 409 n.7 (Mo. App. S.D. 2011) ("Probation revocation challenges are generally not cognizable claims in a Rule 24.035 motion[.]"). Rule 24.035 "only allows challenges to the validity of judgments or sentences, and then only on specified grounds." Prewitt v. State , 191 S.W.3d 709, 711 (Mo. App. W.D. 2006) (citation and quotations omitted). "An attack on a probation ruling does not constitute a challenge to a sentence and is, therefore, beyond the scope of a Rule 24.035 proceeding." Id. However, an exception to this *483 rule exists where a movant challenges the circuit court's jurisdiction to revoke probation on the grounds that the probationary period already ended. Bott , 353 S.W.3d at 409 n.7 (quoting Andrews v. State , 282 S.W.3d 372, 376-77 (Mo. App. S.D. 2009) ).[4]
Here, Movant's claim that the court lacked authority to revoke his probation and execute his previously-imposed sentence is not cognizable under Rule 24.035 because it does not challenge the constitutionality of the conviction, the validity of the sentence, or the jurisdiction of the court that imposed it. See Prewitt , 191 S.W.3d at 711 ; Rule 24.035(a). Instead, Movant's claim is limited to challenging the court's probation ruling on a motion to revoke probation. Because Movant had not completed his probation at the time of the revocation, Movant's claim falls outside the narrow exception to the general rule that challenges to a ruling revoking probation are not cognizable in a Rule 24.035 motion for post-conviction relief. See Bott , 353 S.W.3d at 409 n.7. Therefore, Movant's claim falls outside of the scope of a Rule 24.035 motion for post-conviction relief. See Prewitt , 191 S.W.3d at 711.
Accordingly, we find the motion court did not clearly err in finding Movant's claim that the sentencing court lacked authority to revoke his probation was not cognizable under Rule 24.035.[5] Point denied.
Conclusion
The judgment of the motion court is affirmed.
Roy L. Richter, P.J., and Robert M. Clayton III, J., concur.

All rule references are to Missouri Supreme Court Rules (2014).

All statutory references are to RSMo 2000, unless otherwise indicated.

The records reviewed by the motion court included both the records from Movant's guilty plea in the original case as well as the files from Movant's new criminal cases in Illinois.

The proper procedure for challenging the denial or revocation of probation is a petition for a writ for habeas corpus. State v. Gibbs , 418 S.W.3d 522, 525 (Mo. App. E.D. 2013) ; Prewitt , 191 S.W.3d at 709 ; State ex rel. Hawley v. Spear , 544 S.W.3d 267, 271 n.2 (Mo. App. W.D. 2018) ("[Relator's] petition for writ of habeas corpus was the appropriate vehicle to assert his challenges to the probation revocation."); Green v. State , 494 S.W.2d 356, 357 (Mo. 1973) (habeas corpus is the proper remedy for challenging the revocation of parole or probation).

Although we have discretion to treat Movant's claim as a petition for habeas corpus and address the merits, we decline to do so. See Green , 494 S.W.2d at 357-58 ; see also Baugh , 759 S.W.2d at 883 ("We have considered whether we should view movant's motion as an application for writ of habeas corpus and have concluded that we should not.").