

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED108481 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| vs. | ) | of Warren County |
| | ) | |
| JOSHUA JAY JOHNSON, | ) | Hon. Jason H. Lamb |
| | ) | |
| Appellant. | ) | Filed: April 28, 2020 |

Joshua Johnson ("Defendant") appeals from the denial of a Rule 29.07(d) motion to withdraw his guilty plea, filed after sentencing, to one count of criminal nonsupport. We affirm.

On October 6, 2016, Defendant pled guilty pursuant to a plea agreement to one count of criminal nonsupport, a felony, admitting that he "knowingly failed to provide adequate support" for his children between April 1, 2015 and April 1, 2016 and that the total he owed at that point was $11,520. The court followed the plea agreement, suspending imposition of the sentence and placing Defendant on five years of probation, with the condition that, among other things, he make payments of $480 per month ($320 as originally ordered during the dissolution of his marriage, plus $160 toward arrearages). On January 22, 2018, the State moved to revoke Defendant's probation, alleging that he had violated the conditions of probation by failing to make those payments. While awaiting a hearing on that motion, Defendant committed burglary and property damage on February 8, 2018; he pled guilty to those crimes on June 1, 2018 and began serving eight-year and seven-year concurrent terms of imprisonment shortly thereafter. At the hearing on the State's motion to revoke probation on the nonsupport case, held on January 31, 2019,

Defendant admitted that he violated the payment condition of his probation,[1] and on that basis alone, the court revoked his probation. He was sentenced to three years in prison, to be served consecutively to the burglary and property damage sentences Defendant was already serving.[2]

On July 22, 2019, Defendant filed a motion to withdraw his guilty plea to nonsupport under Rule 29.07(d) based on manifest injustice. In that motion, Defendant alleged that the trial court erred in ordering him to pay $480 in child support and arrears as a condition of probation and erred in revoking his probation and sentencing him to a term in prison for failing to pay that amount. Defendant claimed the court failed to ascertain his income at the time it ordered the payments in violation of Section 568.040.6(1), which states that such payments "shall be in such aggregate sums as is not greater than fifty percent of the offender's adjusted gross income." Defendant asserted that the record showed he was unemployed at the time.[3] At the hearing on this motion, counsel acknowledged that Defendant had also already filed a Rule 24.035 motion seeking to vacate the conviction and sentence imposed after probation was revoked, but argued that the Rule 29.07(d) motion could still be pursued because it challenged only "the legality of the probation

---

[1] Defendant explained at this hearing that at the time of the divorce in 2013, he was serving a five-year sentence on a federal charge and "that's when the arrears started accumulating." He also said he failed to pay under the probation order since he has been incarcerated "this time." The State pointed out that Defendant failed to pay even when he was not confined: "It's not like he's just not paid while he's been incarcerated or shortly thereafter or before." According to the State, Defendant had paid no more than $557 toward the $21,522 total arrearages he owed at the time of the revocation hearing. Defendant asserts on appeal that he was unable to provide support because "he appears to have been incarcerated during much of this time."

[2] Defendant affirmatively requested that the court sentence him to a term of imprisonment concurrent with his existing sentence instead of giving him probation again. If given probation, he told the court, he would just end up violating it again for failure to pay while he was incarcerated; then when he was released, instead of being in a position to begin making payments, he would be subject to revocation and re-incarceration, rendering him again unable to pay.

[3] The following information was contained in exhibits attached to the motion to withdraw: (1) an allegation in his ex-wife's petition for dissolution, filed in 2012, that Defendant "is currently unemployed;" (2) Defendant's application for public defender services and affidavit filed on July 27, 2018, in which he states he is unemployed, has no financial assets and no income; and (3) the bill of costs dated February 25, 2019, which includes a certification signed by the court and the prosecuting attorney that Defendant "is insolvent." Defendant continues to rely on these documents on appeal as evidence that he has, at all times relevant to his obligation to pay support, been indigent and insolvent.

order."[4] The court initially entered an order consolidating the proceedings on the Rule 29.07(d) motion and the Rule 24.035 motion, but then vacated that order and denied the Rule 29.07(d) motion. There is an evidentiary hearing scheduled in the Ruled 24.035 case set for July 9, 2020. Defendant appeals from the denial of the Rule 29.07(d) motion.

In this appeal, Defendant raises many of the arguments raised in the trial court for why he should be allowed to withdraw his guilty plea, but he also presents new theories for relief. In his first point relied on, Defendant contends the court erred in denying his motion to withdraw his plea because he "was misled or induced to plead guilty by misapprehension or mistake," though he never presented such an argument in his Rule 29.07(d) motion. In his second point relied on, he contends the court erred in denying the motion to withdraw his plea because Defendant was "denied due process and equal protection" when his probation was revoked solely for failing to pay, though he never made any such constitutional claims in his Rule 29.07(d) motion. These new theories that were not before the trial court are not preserved for our review. *State v. Wolf*, 2020 WL 1680956, at *3 (Mo. App. W.D. April 7, 2020).[5] Similarly, the arguments that *were* raised in the Rule 29.07 motion are not properly preserved because they were not included in the point relied on; they are presented only in the argument sections of the brief. *See id*. at *5, n. 3; *see also State*

---

[4] Defendant is represented by different appointed counsel in his Rule 24.035 motion, which appears to have been timely filed. Therein, he alleges his guilty plea to criminal nonsupport was involuntary, unknowing and unintelligent and that the conviction and sentence violate his rights to due process and a fair trial. His claims revolve around the same violations of Section 568.040.6 raised in this case and the same complaints regarding his imprisonment solely for failing to pay.

[5] Pursuant to our local Eastern District Rule 370, Defendant filed a letter to call our attention to *Wolf*, which was handed down after this case was fully briefed. But he also includes in that letter *arguments* for why we should not follow *Wolf*. As the State points out in its motion to strike this letter, the letter should only cite the intervening decision; any additional argument about that decision belongs in a supplemental brief, which can only be filed with leave of court. The motion to strike is granted. In any event, we are fully aware of *Wolf*, its similar underlying factual scenario and *identical* Rule 29.07(d) motion, first point relied on and argument, all filed by the same lawyer who represents Defendant in this case.

*v. Guinn*, 453 S.W.3d 846, 851 (Mo. App. S.D. 2014) (holding additional legal basis contained only in argument section and not set forth in point relied not preserved for review) (*citing* Rule 84.04(e) and *State v. Morrow*, 541 S.W.2d 738, 740 (Mo. App. 1976)).

Nevertheless, Rule 84.13(c) permits this Court to consider plain errors affecting substantial rights, though not raised or preserved, if manifest injustice or miscarriage of justice results therefrom. *See Wolf*, 2020 WL 1680956, at * 3. Review for plain error is a two-step process. *State v. McAfee*, 462 S.W.3d 818, 823 (Mo. App. E.D. 2015). First, we determine whether there facially appear substantial grounds for believing that the trial court committed error that is evident, obvious and clear. *Id.* Second, if we find such an error, then we determine whether it resulted in manifest injustice or a miscarriage of justice. *Id.*

A motion to withdraw a plea of guilty may be made after sentence, as it was here, "to correct manifest injustice." Rule 29.07(d). The manifest injustice alleged in Defendant's motion was that his probation order included a payment condition that violated Section 568.040.6 and that his probation was revoked solely for failing to comply with that unlawful condition. These claims are, as Defendant has repeatedly insisted, an attack on the legality of the probation order and the order of revocation. The proper manner in which to challenge the conditions of probation and the revocation of probation is to seek an extraordinary writ. *See State ex rel. Poucher v. Vincent,* 258 S.W.3d 62, 64 (Mo. banc 2008) (holding validity of probation revocation order can "*only* be reviewed through an extraordinary writ") (emphasis added); *State v. Williams*, 871 S.W.2d 450, 452 n.2 (Mo. banc 1994) (listing remedies available to correct unlawful terms or conditions of probation to include extraordinary writs, but not mentioning motion to withdraw guilty plea). We have found no case in which a defendant was permitted to withdraw his plea under Rule 29.07(d) by attacking the validity of the probation order or the propriety of the order revoking probation.

Defendant cites *State v. Werbin* for the proposition that a challenge to probation conditions can be brought in a Rule 29.07(d) motion, but that case says no such thing. 597 S.W.2d 663 (Mo. App. W.D. 1980). Rather, in *Werbin* the court merely acknowledged that the defendant had filed a motion to withdraw his plea because he was dissatisfied with the conditions of probation. *Id*. at 664. The court did *not* say those complaints were properly raised in that motion and it ultimately dismissed the appeal as untimely without reaching the merits. *Id*. at 665.

Defendant also cites to the common refrain of cases discussing that Rule 29.07(d) cannot be used to circumvent the parameters of Rule 24.035: A Rule 29.07(d) motion is allowed following the defendant's sentencing and remand to the Department of Corrections on a felony "only if it raises grounds for relief other than those enumerated in Rule 24.035." *Wolf*, 2020 WL 1680956, at *3 (*citing State v. Paden*, 533 S.W.3d 731, 738 (Mo. App. W.D. 2017); *State v. Onate*, 398 S.W.3d 102, 106 (Mo. App. W.D. 2013); *Brown v. State*, 66 S.W.3d 721, 730-31, 731 n.5 (Mo. banc 2002)*, disagreed with on unrelated grounds by State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516-17 (Mo. banc 2010); *State v. Tritle*, 2020 WL 420765, at *2 (Mo. App. W.D. January 28, 2020); *Gray v. State*, 498 S.W.3d 522, 528 (Mo. App. W.D. 2016); *State ex rel. Fite v. Johnson*, 530 S.W.3d 508, 510 (Mo. banc 2017)). As Defendant correctly points out, claims like his challenging a probation order or an order revoking probation are not cognizable in a Rule 24.035 motion. *See Trams v. State,* 555 S.W.3d 480, 482–83 (Mo. App. E.D. 2018); *Prewitt v. State*, 191 S.W.3d 709, 711 (Mo. App. W.D. 2006). In other words, his claims fall into the general category of claims "other than those enumerated in Rule 24.035." But these particular non-Rule 24.035 claims attacking probation rulings are, nevertheless, still not grounds for withdrawing a plea under Rule 29.07(d) because they are only properly raised in a petition for an extraordinary writ. *See generally Poucher* 258 S.W.3d at 64; *Williams*, 871 S.W.2d at 452 n.2; *see also State v. Gibb*s,

5

418 S.W.3d 522, 524 (Mo. App. E.D. 2013); *Trams,* 555 S.W.3d at 482–83; *Prewitt*, 191 S.W.3d at 711.

Defendant has attempted to broaden the nature of his claims on appeal, but to no avail. Defendant's new assertion that he "was misled or induced to plead guilty by misapprehension or mistake" is a challenge to the voluntariness of his plea. *Wolf*, 2020 WL 1680956, at *3. While a challenge to the voluntariness of the guilty plea *can* provide a basis to withdraw one's plea under Rule 29.07(d) when the motion to withdraw is filed *before* the defendant is sentenced and remanded to the DOC, *after* sentence and remand to the DOC, Rule 24.035 kicks in and provides the exclusive means for challenging the conviction and sentence on the grounds enumerated therein, including a challenge to the voluntariness of one's guilty plea. *See id*. Defendant's reliance on cases in which the motion challenging the voluntariness of the pleas was filed *before* sentencing or *before* remand to the DOC is misplaced. In *State v. Ralston*, the defendant filed a Rule 29.07(d) motion to withdraw his plea on the ground that he had been misled or induced to plead guilty; the motion was filed after an original sentence on the plea had been vacated and remanded for resentencing, but *before* the new sentence was entered. 39 S.W.3d 546, 549 (Mo. App. W.D. 2001); *see also State v. Paden*, 533 S.W.3d 731, 737 (Mo. App. W.D. 2017) (finding *Ralston* inapplicable where Rule 29.07(d) motion made not after a vacated sentence, but after sentence was imposed). *State v. Thomas,* also cited by Defendant, is likewise distinguishable. 96 S.W.3d 834 (Mo. App. W.D. 2002). There, the defendant orally moved to withdraw his plea immediately after sentencing but *before* he was remanded to the Department of Corrections; later, after he was in prison, a written Rule 29.07(d) motion was filed asserting the same grounds that had been raised orally, which called into question whether the defendant understood the nature of the plea agreement. *Id*. at 836-37. The Western District later said of *Thomas* that it is

6

distinguishable on its facts from cases involving post-sentencing, post-remand motions and also cautioned that "[t]]o the extent that *[Thomas]* could be read to suggest that a post-sentencing, post-remand Rule 29.07(d) motion may be used to assert a claim that a guilty plea was involuntary, such a reading would be inconsistent with *Brown,* [66 S.W.3d 721 (Mo. banc 2002)]." *State v. Onate*, 398 S.W.3d 102, 106 (Mo. App. W.D. 2013).

In sum, to the extent Defendant sought to show manifest injustice warranting withdrawal of his plea by attacking the probation order and the order revoking probation, those claims are not the proper subject of a Rule 29.07(d) motion because probation rulings can only be challenged via a writ. To the extent Defendant seeks to challenge the voluntariness of his plea, that is also not a proper claim in a Rule 29.07(d) motion filed after sentencing; it must be--and has been in this case--raised in a Rule 24.035 motion. We can find no evident, obvious and clear error in the trial court's denial of Defendant's motion. There was no plain error here. Points I and II are denied.

The judgment is affirmed.

ROBERT G. DOWD, JR., Judge

Robert M. Clayton III, P.J. and
Roy L. Richter, J., concur.