Ray L. LEAMON, Respondent,

v.

CITY OF INDEPENDENCE, Missouri; City of Independence, Missouri Police Department; Captain Donald Huntsinger, Independence Police Board of Inquiry; Captain Harold Taylor, Independence Police Board of Inquiry; Captain Robert Collins, Independence Police Board of Inquiry; Captain Shannon Craven, Independence Police Board of Inquiry; Captain Rondell Stewart, Independence Police Board of Inquiry; and George Vermillion, Independence Personnel Department, Appellants.

No. WD 31946.

Missouri Court of Appeals, Western District.

Nov. 17, 1981.

George E. Kapke, Asst. City Atty., Independence, for appellants.

S. W. Longan, III, Kansas City, for respondent.

Before CLARK, P. J., and PRITCHARD and WASSERSTROM, JJ.

CLARK, Presiding Judge.

Ray L. Leamon, a discharged police officer of the City of Independence, instituted a combined action in mandamus and injunction to obtain reinstatement of employment and future compliance by the city with employee merit system procedures. The city appeals from a peremptory writ in mandamus directing that Leamon be restored to his former employment with back pay and allowances and recover damages in the amount of $43,055.95 attorney fees. Reversed.

The controversy on this appeal is limited to the award of damages. Earlier in the progress of the case, reinstitution of proceedings by the city to terminate Leamon gave cause for the claim to injunctive relief but, as reflected by the content of the peremptory writ, the issue had been dropped by that time. The question of Leamon's reinstatement also is no longer in dispute. The city's brief avers and Leamon does not

deny that he was re-employed and that full back pay and benefits have been provided. Despite narrowing of the issue to be considered on this appeal, however, the procedural history of the case must be recounted as a necessary prelude to discussion of the damage award.

Leamon's amended petition for injunction and mandamus, following earlier and immaterial pleadings, was filed September 11, 1979. That petition alleged Leamon had been discharged as a city police officer without notice, hearing and administrative review to which he was entitled under the Charter of the City of Independence as a merit employee. Leamon asked mandatory restoration to employment and lost benefits, an injunction against renewed summary termination and attorney fees and costs. The city filed an "answer" to Leamon's petition September 21, 1979, the tenor of which was to admit that proceedings were under way to discharge Leamon, but any impropriety, including political motivation as charged by Leamon, was denied.

On October 5, 1979, the trial court issued its alternative writ of mandamus. The command of the writ was that the city reinstate Leamon to his employment with all benefits as though suspension and termination had not occurred and that the city desist from proceeding with a hearing by the personnel board of the city as to Leamon. For reasons not apparent from this record and not explained on brief or argument, Leamon filed another amended petition for injunction and mandamus on December 21, 1979. Added factual allegations covered events in the case after October 5, 1979, and included the complaint that the city had made no return to the alternative writ issued in October, had not reinstated Leamon with back pay, but was proceeding with administrative action to terminate Leamon's employment. The prayer of the December 1979 petition was for issuance of an alternative writ in mandamus to be made peremptory "upon full hearing."

To the extent proceedings in this case may be evaluated by conventional standards, the amended petition of December 1979 seems to have played no role in defining issues or in presenting any new claim for adjudication. The next action by the court following the filing of the amended petition was an order dated April 7, 1980, which overruled the city's motion to dismiss and granted the city leave to file, within five days, its return to the alternative writ out of time. The motion to dismiss had been filed November 20, 1979, and claimed the cause moot because the city had complied with the directive of the alternative writ.

The city's return to the alternative writ was filed April 14, 1980. The return stated that the city had complied with the writ by reinstating Leamon on October 5, 1979, and that suspension and termination procedures had been reinstituted resulting in Leamon's dismissal effective December 12, 1979. Leamon filed no pleading to and did not traverse the return.

A conference among the court and counsel next followed on April 23, 1980. No evidence was offered, but reference was made to testimony adduced at a hearing conducted September 24, 1979, before the alternative writ issued. Counsel and the court appear to have assumed that the evidence from the September 24, 1979 hearing was before the court and was relevant to issues framed subsequently by the alternative writ and the return. No record of the September 1979 hearing has been provided here. Also mentioned at the April 23, 1980 conference were an affidavit by a city attorney who could not be present and a fee statement prepared by Leamon's attorney.[1] Both documents are included in the record

---

1. The statement of "Attorney Fee and Expenses" produced at the hearing shows services provided Leamon from July 7, 1979 through April 22, 1980 at $75.00 an hour totalling $28,185.00. The document next states: "Suggested 'lodestar' of 50%" at "$37.50/hr. = $112.50 hr. = $42,277.50. Expenses total $778.45." The sum of these figures is $43,055.95, the exact amount awarded Leamon as damages.

on appeal, but neither was marked as an exhibit and neither was offered or received in evidence.

The peremptory writ from which this appeal was taken was issued May 9, 1980. The order contains a number of findings and concludes that such action which the city did take to reinstate Leamon to employment on October 5, 1979 "was only token and ineffective and did not comply with the intent and direction of the Order." The city was ordered to reinstate Leamon with full retroactive compensation and to pay Leamon damages of $43,055.95. As noted earlier, the issue of injunctive relief applicable to renewed termination proceedings had apparently been abandoned because the peremptory writ made no reference to this directive of the alternative writ.

The challenge which appellants make to the authority of the trial court to award damages first requires ascertainment of what issues were before the court and ripe for adjudication on May 9, 1980. This analysis is impeded at the outset because Leamon's pleadings stated no cause of action in mandamus, the remedy on which the peremptory writ relies.

■ The factual basis upon which Leamon sought a writ of mandamus was his allegation that he had been terminated from employment by the City of Independence without cause and without compliance by the city with procedural due process to which he contended he was entitled under the city charter and state and federal constitutions. At the time the writ was sought, however, the validity of Leamon's claim that he had been wrongfully discharged was currently in dispute and had yet to be litigated and established. Prior to such adjudication, Leamon had no present enforceable right to summary reinstatement.

■ The writ of mandamus does not lie to establish a legal right, only to compel performance of a right already established.

State ex rel. Brentwood School District v. State Tax Commission, 589 S.W.2d 613 (Mo. banc 1979); State ex rel. Crites v. Short, 351 Mo. 1013, 174 S.W.2d 821 (1943). The office of mandamus is to execute not adjudicate. State ex rel. Sprague v. City of St. Joseph, 549 S.W.2d 873, 879 (Mo. banc 1977). The alternative and peremptory writs of mandamus ordering Leamon's reinstatement with back pay were improvidently issued on this record.

While the infirmity in the initial writ would, upon challenge, have justified disposition of the case on the ground described above, the city has not raised that issue, then or now. To the contrary, the city acquiesced in the directive that Leamon be re-employed with full retroactive benefits to the date of the aborted discharge. The record on appeal does not disclose when Leamon did obtain satisfaction of his claim for reinstatement and back pay. For the reasons which follow, however, it is unnecessary to ascertain that fact because the pleadings in the case foreclose any dispute on the issue of Leamon's reinstatement or his entitlement to further relief subsequent to the alternative writ.

■ Mandamus is a civil action and the pleadings are defined by statute, Chapter 529, RSMo 1978, and by Rule 94. According to the statutory scheme, the alternative writ is the first pleading in the case, to which the defendant must respond by his return. Thereafter, § 529.020, RSMo 1978 requires that the person who has sued out the writ must plead to or traverse any material facts contained in the return.[2] In mandamus, undenied allegations in a pleading to which a traverse or other pleading is required are deemed admitted and must be accepted as true. State ex rel. Priest v. Gunn, 326 S.W.2d 314, 328 (Mo. banc 1959).

■ In its return to the alternative writ, the city responded by alleging it had complied with the first alternative of the writ

2. Rule 94.07 adopted June 5, 1980, effective January 1, 1981 changes the former practice of pleading to the alternative writ and now requires that the answer be to the petition in mandamus. The former Rule 94.02 which required a traverse of material facts alleged in the return to the writ has been deleted.

and had reinstated Leamon to his former employment. Leamon did not traverse the return or file any pleading contesting it. Reinstatement of Leamon to his position with the Independence Police Department therefore stood judicially admitted and, even now, Leamon does not deny that he was re-employed and has been accorded all benefits he would have earned had his aborted dismissal not been attempted. The judgment of May 9, 1980 making the alternative writ peremptory as to the direction for reinstatement of Leamon was functus officio because on the pleadings the result sought had already been accomplished by compliance with the alternative writ. The alternative writ should have been quashed.

We are not unaware that Leamon may yet have been asserting some grievance against the city as of the date when return was at last made to the alternative writ. The confused state of the pleadings and the sparse record permit no more than speculation on this account. That possibility, however, cannot aid in sustaining the judgment of May 9, 1980, first, because neither pleadings nor evidence subsequent to the city's return raise any issue for adjudication other than the claim for attorney fees as damages and, second, because Leamon did, as earlier noted, receive all of the other relief he had sought. The question then is whether the court was presented a pending cause on May 9, 1980 which entitled the court to adjudicate the issue of allowing Leamon attorney fees as damages.

■ This court, in *Yates v. Durk*, 464 S.W.2d 43 (Mo.App.1971), reviewed the law as to recovery of damages in a mandamus action and discussed at length the opinion in *Smith v. Berryman*, 272 Mo. 365, 199 S.W. 165 (banc 1917). These cases hold, and counsel for Leamon conceded on oral argument, that damages may only be recovered in mandamus for a false return. Leamon contends that the return by the city here was false because Leamon was not in fact reinstated as the return averred. Indeed, the court's finding in its May 9, 1980 judgment is to the effect that such reinstatement as was provided Leamon was not genuine.

The argument fails on several counts. In the first place, Leamon's reinstatement as described in the return was never challenged and the fact stands as a binding judicial admission precluding Leamon from contending that the return was false. Secondly, Leamon never filed any pleading raising a later claim that the return was false and, thus, the trial court had no issue before it for adjudication as to that issue. Finally, Leamon offered no evidence and the record is barren of any proof whatever to establish that the city had in fact not performed as the return described. The finding by the trial court that Leamon's reinstatement was "token and ineffective" lacks any evidentiary support, even if it be assumed that the finding as expressed was equivalent to a finding of a false return.

Leamon pleaded no case of damages for a false return, no proof of a false return or of damages was adduced and the court erred in making an award of damages.

For all the reasons given, the judgment of the trial court entered May 9, 1980 must be and is reversed. The cause is remanded with direction that the court order the alternative writ in prohibition quashed.

All concur.