Nicholas A. **WOODS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. SD 31401.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 6, 2012.

---

Robert Jefferson, Bartholomew, Jr., Jefferson City, for Appellant.

Emmett D. Queener, Columbia, for Respondent.

Before BARNEY, J., BATES, J., and SCOTT, P.J.

PER CURIAM.

Appellant Nicholas A. Woods ("Movant") appeals the denial of his "FIRST AMENDED MOTION TO VACATE, SET ASIDE, AND/OR CORRECT JUDGMENT AND SENTENCE AND REQUEST FOR EVIDENTIARY HEARING" filed pursuant to Rule 24.035.[1] In his sole point relied on, Movant asserts the motion court clearly erred in denying his motion for post-conviction relief in that he was improperly denied release on probation under section 559.115.[2]

On June 9, 2011, the motion court entered its "FINDINGS OF FACT; CONCLUSIONS OF LAW; FINAL JUDGMENT." In its findings, the motion court noted that typically a movant's claim that the trial court failed to follow the provisions of section 559.115 is not cognizable in a Rule 24.035 proceeding. *See Prewitt v. State*, 191 S.W.3d 709, 711 (Mo.App.2006). As such, the motion court gratuitously determined it would address the merits of Movant's claims "as though Movant had sought a writ of mandamus."[3] The motion court then found Movant's testimony was not credible "that during his 120 day assessment period he met on only one occasion with an evaluator, therapist or counselor for only one hour and that he only met with a person from [p]robation and [p]arole for 15–20 minutes." It then set out that

[t]his court concludes that the Department of Corrections [ ("DOC") ] did not determine that Movant had successfully completed the [Sexual Offender's Assessment Unit ("SOAU") ] program. Nowhere in the Court Investigation Report received by this court March 10, 2008, is it stated that Movant successfully completed the [SOAU] program. (And, as the State notes in its Suggestions, the last two sentences of [s]ection 559.115.3 do not require a hearing if an offender is not successful in a program.) Nowhere in the Report is probation recommended. And the Report does not state that [Movant] would be released on his 120th day absent an order of denial of probation. Yet it is clear from the report that the Probation Officer and

---

**1.** All rule references are to Missouri Court Rules (2011).

**2.** All statutory references are to RSMo Cum. Supp.2003 unless otherwise stated.

**3.** In writ of mandamus cases, not unlike the burden of proof in a Rule 24.035 motion, the person "seeking the writ must allege and prove that he had a clear, unequivocal, specific right to the thing claimed." *State ex rel. Thomas v. Neill*, 260 S.W.3d 441, 443 (Mo.App.2008). That is to say, "[a] writ of mandamus is appropriate only where it compels ministerial actions; it may not be utilized to compel the performance of a discretionary duty." *State ex rel Schaefer v. Cleveland*, 847 S.W.2d 867, 870 (Mo.App.1992).

Unit Supervisor recommended probation be denied.

The motion court ultimately determined Movant was not entitled to relief. This appeal followed.

■ Rule 24.035 provides in relevant part:

[a] person convicted of a felony on a plea of guilty and delivered to the custody of the [DOC] who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

"This rule only allows 'challenges to the validity of judgments or sentences, and then only on specified grounds.' " *Prewitt*, 191 S.W.3d at 711 (quoting *Teter v. State*, 893 S.W.2d 405, 405 (Mo.App.1995)). Here, as in *Prewitt*, Movant does not seek to challenge the validity of his conviction nor does he challenge the jurisdiction or statutory authority of the sentencing court to impose his sentence.[4] Rather, Movant seeks to challenge the trial court's denial under section 559.115 of his probation request. Save for certain exceptions not applicable here, *see Stelljes v. State*, 72 S.W.3d 196, 199 (Mo.App.2002), probation determinations are typically "not subject to challenge in a Rule 24.035 motion or on direct appeal." *Prewitt*, 191 S.W.3d at 711. "An attack on a probation ruling does not constitute a challenge to a sentence and is, therefore, beyond the scope of a Rule 24.035 proceeding." *Id.*; *see State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994) (holding that probation is not part of the sentence and consequently, there is no right to appeal a trial court's decision to grant or deny probation). Accordingly, based on Movant's contentions that the trial court misapplied section 559.115.3, Movant's postconviction relief motion failed to state a claim cognizable under Rule 24.035.

■ Furthermore, unlike in *State ex rel. Mertens v. Brown*, 198 S.W.3d 616 (Mo. banc 2006), and *State ex rel. Dorsey v. Wilson*, 263 S.W.3d 790 (Mo.App.2008), the board of probation and parole did not report that Movant had successfully completed the institutional treatment program requiring the trial court to grant probation in the absence of an abuse of discretion by the board of probation and parole. *Id.* at 791; § 559.115.3. Additionally, the plea court was not thereby compelled to conduct a hearing within 90 to 120 days of Movant's sentence before ordering the execution of the sentence. *Brown*, 198 S.W.3d at 618. In the instant matter, to obtain mandamus relief the ministerial duty sought to be coerced must have been definite and "arising under conditions admitted or proved and imposed by law." *State ex rel. Collector of Winchester v. Jamison*, 357 S.W.3d 589, 592 (Mo. banc

---

4. As explained in *Starry v. State*, 318 S.W.3d 780, 782 n. 5 (Mo.App.2010):

'Though the cited cases use the word 'jurisdiction,' we read them in light of *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), to be that the court has exceeded its statutory authority. *Id.* at 253 (making clear that prior cases labeling mere error to be 'jurisdictional' no longer should be followed as there are only two types of jurisdiction in Missouri state courts: personal and subject matter.).' *State ex rel. Whittenhall v. Conklin*, 294 S.W.3d 106, 108, n. 2 (Mo.App. S.D.2009). [The] proper 'claim is that the court exceeded statutory authority.' *Id.*

2012). This is not our case. Appeal dismissed.