

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI EX REL.　　　)
JOHN LOGAN LEE NEWTON,　　　　)
　　　　　　　　　　　　　　　)
　　　　Relator,　　　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　 )　　　No. SD33990
　　　　　　　　　　　　　　　)
THE HONORABLE LAURA　　　　　 )　　　**Filed:  Apr. 21, 2016**
JOHNSON,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　 )

ORIGINAL PROCEEDING IN MANDAMUS

**<u>PRELIMINARY WRIT QUASHED</u>**

John Logan Lee Newton ("Relator") sought a writ of mandamus compelling the

Honorable Laura Johnson ("Respondent") to order the Department of Corrections ("DOC")

to release Relator onto probation under section 559.115 after Respondent had previously

refused to order such a release.[1]  Relator insists that "Respondent had no authority to deny

---

[1] The criminal convictions involved occurred in Christian County and were for felony stealing and felony harassment ("the stealing case," "the harassment case," and collectively, "the Christian County cases").  The convictions and sentences in the Christian County cases were imposed after Relator incurred a felony conviction in a case out of Vernon County ("the Vernon County case").  A seven-year sentence was imposed in each of the Christian County cases, with a recommendation in each that Relator be placed in a DOC "120-day program pursuant to §559.115.[3,]" and an order that Relator "BE RELEASED ONLY AFTER COMPLETING 120 ITC [sic] ON [the Christian County cases] REGARDLESS OF ANY OTHER 120 DAY COMMITMENTS."  The trial court's reference to "ITC" may be a reference to an institutional treatment center.  *Cf. Hayes v. State*, 139 S.W.3d 261, 263 (Mo. App. W.D. 2004) (under plea agreement, the appellant was to be sentenced under section 559.115 and "placed in an institutional treatment center (ITC), which would allow the court to consider probation during the first 120 days of [the a]ppellant's incarceration").  Relator's sentences in the Christian County cases were run concurrently with each other but consecutively to the sentence imposed in the Vernon County case.  All statutory references are to RSMo Cum. Supp. 2014, and all rule references are to Missouri Court Rules (2015).

Relator's release on probation and order his sentence executed because DOC erroneously calculated the date that Relator's 120 began and reported to Respondent that Relator was not going to finish his 120 day program[2] until 4 days after the 120 period ended."

Relator's single point relied on claims we must order Respondent to place Relator on probation or resentence him

> because Respondent had no authority to deny him probation in that: (1) Respondent had placed Relator in the one-hundred-and-twenty-day program under § 559.115.3; (2) the plain language of § 559.115.3 states the one hundred twenty days starts when a defendant is delivered to [DOC], which in Relator's case was February 4, 2015; (3) DOC erroneously concluded that Relator's one hundred twenty days started on January 22, 2015, the day of his sentence, and in turn concluded that Relator would fail to complete the one-hundred-twenty-day program, though through no fault of his own; (4) Respondent erroneously adopted DOC's interpretation of the start of Relator's one hundred twenty days and denied him probation without a hearing; (5) Relator would have successfully completed the one-hundred-twenty-day program but for DOC's erroneous interpretation; (6) one hundred twenty days had not passed since Relator's delivery to DOC on February 4, 2015 when Relator brought Respondent's error to her attention; (7) it has now been more than one hundred twenty days since Relator's delivery to DOC, and Respondent has no authority to hold a hearing; and, (8) allowing Relator to withdraw his guilty plea is not a sufficient remedy.[3]

Because Relator does not establish a right to either probation or resentencing, we quash our preliminary writ, and his application for a permanent writ of mandamus is denied.

### Applicable Principles of Review and Governing Law

> This Court reviews a writ of mandamus for an abuse of discretion. *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007). A litigant seeking mandamus must "allege and prove that he [or she] has a clear, unequivocal, specific right to a thing claimed." *State ex rel. Young v. Wood*, 254 S.W.3d 871, 872 (Mo. banc 2008) (quoting *Furlong Cos., Inc. v. City of Kansas City*, 189 S.W.3d 157, 166 (Mo. banc 2006)). "Ordinarily,

---

[2] In this opinion, we will refer to a section 559.115 "one hundred twenty-day program" as a "DOC program."
[3] In addition to claiming that Respondent had no authority to deny Relator probation, Relator's point also claims that Respondent erred in adopting DOC's date calculations and has no present authority to conduct a hearing on the matter. This combining of multiple error claims in a single point relied on renders the point multifarious. *See State ex rel. Koster v. Allen*, 298 S.W.3d 139, 144 (Mo. App. S.D. 2009). Such points preserve nothing for appellate review, but we choose to exercise our discretion to review the gist of the offending point *ex gratia*. *See Barnett v. Rogers*, 400 S.W.3d 38, 47 (Mo. App. S.D. 2013).

mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006). However, if the respondent's actions are wrong as a matter of law, then he or she has abused any discretion he or she may have had, and mandamus is appropriate.

*State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012).

Section 559.115.2 does not permit the parties to move for a grant of probation after an offender has been delivered to DOC; any order for such release must be based upon the trial court's "own motion[,]" and the time for doing so is limited to "up to one hundred twenty days after such offender has been delivered to [DOC.]" Section 559.115.3 provides:

> The court may recommend placement of an offender in a [DOC program] under this subsection or order such placement under subsection 4 of section 559.036. Upon the recommendation or order of the court, [DOC] shall assess each offender to determine the appropriate [DOC program] in which to place the offender, which may include placement in the shock incarceration program or institutional treatment program. When the court recommends and receives placement of an offender in a [DOC program], the offender shall be released on probation if [DOC] determines that the offender has successfully completed the program except as follows. Upon successful completion of a program under this subsection, the board of probation and parole [("the Board")] shall advise the sentencing court of an offender's probationary release date thirty days prior to release. The court shall follow the recommendation of [DOC] unless the court determines that probation is not appropriate. If the court determines that probation is not appropriate, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days from the date the offender was delivered to [DOC]. If [DOC] determines the offender has not successfully completed a [DOC program] under this subsection, the offender shall be removed from the program and the court shall be advised of the removal. [DOC] shall report on the offender's participation in the program and may provide recommendations for terms and conditions of an offender's probation. The court shall then have the power to grant probation or order the execution of the offender's sentence.

The record for our review is "[t]he petition for the writ, together with the suggestions in support thereof, any exhibits accompanying the petition, all suggestions in opposition, the writ and return of service thereon, all answers made to the petition for the writ, and all other

3

papers, documents, orders, and records filed in" this court. Rule 84.24(g). "In mandamus, undenied allegations in a pleading to which a traverse or other pleading is required are deemed admitted and must be accepted as true." ***Leamon v. City of Indep***., 625 S.W.2d 204, 207 (Mo. App. W.D. 1981).

## Background

At the core of Relator's point are his contentions that: (1) "Respondent had no authority to deny him probation" after DOC used the wrong date for his delivery to DOC in calculating the applicable 120-day period to determine that Relator could not finish his DOC program within that time; and (2) Respondent erroneously denied probation without first holding a hearing on the matter. The background for our analysis is based on the following identical July 2015 docket entries entered by Respondent in the Christian County cases.[4]

> Before the Court is [Relator]'s Motion to Reconsider Court's Previous Order to Execute Sentence and to Release [Relator] From 120 ITC pursuant to 559.115.3. The Court heard argument from both the State and [Relator]. The Court makes the following findings:
>
> On November 14, 2014, [Relator] was sentenced pursuant to Section 559.115 (ITC) in [the Vernon County case]. He was subsequently delivered to [DOC]. On December 30, 2014, [Relator] filed a disposition on detainers in . . . [the stealing case]. The State filed an Application for Writ of Habeas Corpus Ad Prosequendum in [the stealing case] on December 31, 2014, and [Relator] was transported to the Christian County Jail.
>
> . . . . On January 22, 2015, [Relator] pled guilty to charges in [the stealing case] and [the harassment case]. [Relator] received sentences in each case

---

[4] The July 2015 docket entries were made after Respondent originally denied probation in April 2015. They also came after Respondent made findings from the bench at the conclusion of argument by counsel for Relator and the State in early June 2015. Relator's petition for writ was filed in late June 2015, but these docket entries occurred before Relator's brief was filed with this court. Rule 84.24(b) provides that "[t]he filing of a petition for an original remedial writ does not affect the authority of the respondent to act or the validity of the respondent's action." Findings made by the trial court in June 2015 were that Relator's sentencing date, January 22, 2015, "was the appropriate date to be used" as the commencement of his 120-day period to complete a DOC program and, because he did not complete a program within that time, no hearing was required before probation was denied. Respondent also found that her "jurisdiction" to grant probation had expired based upon the January 22, 2015 start-date she believed appropriate.

4

pursuant to Section 559.115 (ITC).[5]  On or about February 4, 2015, [Relator] was returned to [DOC].

On April 20, 2015, [the Board] filed with the Court a Court Report Investigation [("the report")] that reflected [Relator]'s 120-day sentence began on his date of sentencing, January 22, 2015, and ended on May 22, 2015.  The report stated that [Relator "]will be unable to complete the [DOC] program through no fault of his own and is therefore ineligible for a statutory discharge.  He will not be released unless ordered by the Court.["6]  Included in the report was the recommendation of the probation and parole officer to deny [Relator] probation.  On April 24, 2015, the Court entered its order stating:  "The Court has determined it would be an abuse of discretion to release and orders execution of the sentence of 7 years."[7]

Pursuant to Section 559.115 [Relator]'s 120-day sentence is to be calculated from date of delivery to DOC.  In this case, [Relator] had already been delivered to [DOC] on the Vernon County sentence at the time he was sen[tenced] on his Christian County cases.  Because he had already been delivered to [DOC], [DOC] used his Christian County sentencing date as the start date for his 120-day sentence and calculated the end of his sentence to be May 22, 2015.  [Relator] did not complete the [DOC] program.

[Relator] filed his Motion to Reconsider on June 1, 2015.  The matter was heard on June 2, 2015.[8]  The Court finds that no hearing is required, because, under Section 559.115(3) [Relator] failed to complete his [DOC] program by May 22, 2015.  The Court further finds it is without jurisdiction to hear the Motion pursuant to Section 559.115, because the 120-day time period has run.

## Analysis

"We examine the language used in the statute according to its plain and ordinary meaning."  *State v. Acevedo*, 339 S.W.3d 612, 617 (Mo. App. S.D. 2011).  Section 559.115.3 provides two distinct procedures to be followed when an offender is placed in a DOC program.  One is to be followed "if [DOC] determines that the offender has

---

[5] Respondent was not the same judge who presided over Relator's guilty pleas and sentencings in the Christian County cases.

[6] Identical copies of the report are included as exhibits in Relator and Respondent's appendices.  These copies indicate that Relator "entered the ITC program at FTC on 3-3-15" and "is expected to complete the FTC program on 5-26-15.  His 120th day is 5-22-15.  He will be unable to complete the program through no fault of his own and is therefore ineligible for a statutory discharge."

[7] No other findings were made in this order.

[8] The transcript states that the hearing was held on June 3, 2015, but the one-day discrepancy is not material to the resolution of the writ petition.

5

successfully completed the [DOC] program"; a different procedure is followed "[i]f [DOC] determines the offender has not successfully completed a [DOC] program[.]" *Id.* If the first procedure applies, the trial court is required to release the offender on probation unless a hearing is held "within ninety to one hundred twenty days from the date the offender was delivered to" DOC. *Id.* This first procedure does not apply to Relator because there was no determination by DOC that Relator successfully completed a DOC program.[9]

The second procedure identified in section 559.115.3, the one applicable to Relator, requires no hearing.

> If [DOC] determines the offender has not successfully completed a [DOC program] under this subsection, the offender shall be removed from the program and the court shall be advised of the removal. [DOC] shall report on the offender's participation in the program and may provide recommendations for terms and conditions of an offender's probation. The court shall then have the power to grant probation or order the execution of the offender's sentence.

*Id. See also **State ex rel. Koster v. Suter**,* 447 S.W.3d 673, 679 (Mo. App. W.D. 2014) ("where the DOC determines that an offender is 'not successful' in a program, the court is not required to hold a hearing before denying probation").

Nothing in section 559.115 allows an offender to challenge DOC's determination that he or she has not successfully completed a DOC program or otherwise deem a failure a success if the failure is due to no fault on the part of the offender. And section 559.115.2 specifically withholds from the trial court any authority to order probation based upon a motion brought by either the State or the offender ("a circuit court *only upon its own motion*

---

[9] Relator cites no case in which a writ of mandamus directed a trial court to order an offender to be placed on probation, or to be resentenced, when probation was denied without a hearing following a report from DOC that the offender did not successfully complete a DOC program. Relator has also failed to explain why the trial court was responsible for the alleged shortcomings Relator attributes to DOC – matters that would typically be presented by means of a declaratory judgment action or petition for writ *against DOC. See, e.g., **Goings v. Mo. Dep't of Corrs.**,* 6 S.W.3d 906, 908 (Mo. banc 1999); ***Murphy v. State**,* 873 S.W.2d 231, 232 (Mo. banc 1994); ***Stinson v. Sharp**,* 80 S.W.3d 852, 854 (Mo. App. S.D. 2002).

*and not that of the state or the offender* shall have the power to grant probation to an offender anytime up to one hundred twenty days after such offender has been delivered to [DOC] but not thereafter"). *Id.* (emphasis added).

Of greater significance to the question at hand -- whether mandamus is appropriate -- is that the trial court still has "the power to grant probation or order the execution of the offender's sentence" if the offender does not successfully complete a DOC program. Section 559.115.3. In other words, it is a decision left to the discretion of the trial court. The purpose of a writ of mandamus "'is to execute, not adjudicate.'" *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 825-26 (Mo. banc 2015) (quoting *State ex rel. Mo. Growth Ass'n v. State Tax Comm'n*, 998 S.W.2d 786, 788 (Mo. banc 1999)). "A litigant seeking mandamus must 'allege and prove that he [or she] has a clear, unequivocal, specific right to a thing claimed.'" *Valentine*, 366 S.W.3d at 538 (citations omitted). As a result, the performance of a discretionary function is not the proper subject of a writ of mandamus unless the decision is "wrong as a matter of law[.]" *Id.*

Here, the report contained both favorable and unfavorable information regarding Relator's participation in the DOC program. The report did more than simply present DOC's conclusion that Relator was "ineligible for a statutory discharge"; it also plainly stated that Relator was "unable to complete the program through no fault of his own," and Respondent could see from the report that Relator had completed all but four days of the DOC program.

Despite DOC's determination that Relator had not successfully completed a program and its recommendation against probation, Respondent had the discretion under section 559.115.2 to either grant or deny probation. As a result, her decision to deny probation and

7

execute Relator's sentences in her April 2015 order did not violate Relator's "clear, unequivocal, specific right to [probation.]" *Valentine*, 366 S.W.3d at 538.

We therefore quash our preliminary writ of mandamus issued July 13, 2015 and deny relator's petition for writ.

DON E. BURRELL, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS